IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LARRY CRAIG RUSSELL                                    PLAINTIFF

v.                              No. 4:11-cv-764-DPM

MOTOROLA MOBILITY INC. and
RUSSELL CELLULAR-VERIZON                        DEFENDANTS

### ORDER

Last year Mr. Russell sued Motorola, Russell Cellular, and several individual defendants alleging that his phone malfunctioned in October 2008, causing him serious injury, primarily a chemical burn on his left wrist. *Document No. 2.* The parties have engaged in extensive discovery, including an expert examination of the phone.   Mr. Russell has also submitted voluminous evidence documenting his medical problems.

Now the Court must decide whether Motorola and Russell Cellular are entitled to summary judgment. *Document No. 63.* The phone companies say that Mr. Russell's filings to date do not support his allegations and that the Court must rule in their favor as a matter of law. *Ibid.* They are correct. Russell has not demonstrated "the existence of specific facts that create a genuine issue for trial." *Mann v. Yarnell,* 497 F.3d 822, 825 (8th Cir. 2007).

The Court is exercising diversity jurisdiction, so Arkansas law applies to Mr. Russell's product-liability claim. *Guardian Fiberglass, Inc. v. Whit Davis Lumber Co.*, 509 F.3d 512, 515 (8th Cir. 2007). He must offer evidence that his cell phone "as supplied was defective so as to render it unreasonably dangerous and that [this] defect was the proximate cause of the accident." *Yielding v. Chrysler Motor Co.*, 301 Ark. 271, 274; 783 S.W.2d 353, 355 (1990). This is a tough standard to meet. "The possibility that the product may have been defective is not enough." *Mixon v. Chrysler Corp.*, 281 Ark. 202, 205, 663 S.W.3d 713, 714 (1984).

Even viewing all the disputed material facts in Mr. Russell's favor for the purposes of summary judgment, his evidence leaves the case in "the realm of speculation and conjecture." *Mixon,* 281 Ark. at 206; 663 S.W.3d at 715. His statements that the lithium leaked out of the battery and burned him simply do not stand up against Motorola's expert witness report showing that the lithium ion cell was intact and never leaked. Although there was a small hole in the outside of the battery frame, the expert concluded that the lithium ion cell was intact. The expert observed black residue in the battery compartment, but noted that its location did not correspond to the hole on the

-2-

battery frame.   Mr. Russell presented no expert evaluation or technical explanation to contradict Motorola's expert. The battery leak is a critical link in the chain of causation between the phone's alleged malfunction and Mr. Russell's alleged injuries. This link's absence dooms his claims.

Even if the Court assumed that the battery leaked acid on Mr. Russell as he describes, his injuries are inconsistent with a chemical burn. Mr. Russell says he is still breaking out in sores and has significant pain as a result of his battery-leakage injury.   But Mr Russell's medical history reveals that he suffers residual effects, including pain, from several earlier injuries to his neck, back, and arm.   He also has a history of skin conditions. Mr. Russell also testified that he had experienced a serious infection in the same arm in 2004 due to a botched blood draw. Russell went to a VA clinic in Little Rock in August 2009, complaining of irritation due to the 2008 lithium burn.   The VA's Chief of Dermatology, Dr. Cheryl Armstrong examined Mr. Russell's arm at that visit and concluded that Mr. Russell's skin condition was not related to battery exposure. This was noted in his chart. Instead, the VA diagnosed him with contact dermatitis unrelated to lithium.   Dr. Armstrong testified to these facts.

-3-

The undisputed medical evidence thus undercuts Mr. Russell's battery-acid-leakage claim. Proximate cause is generally for the fact-finder, but it becomes a question of law where reasonable people could not disagree. *Mitchell v. Ramsey*, 2011 Ark. App. 9, 12, 381 S.W.3d 74, 82 (2011). Mr. Russell has failed to create a material fact question on whether his injuries were caused by leaking battery acid.

To support his case, Mr. Russell submitted his account of the battery malfunction, the phone with the battery, pictures of his wrist over the last several years, and a tally of the expenses he believes his injuries caused. Mr. Russell believes his medical records and Motorola's expert report contain information that supports his case. They do not. The expert acknowledged a small hole on the outside of the battery frame due to overheating of a transistor inside the battery. The expert concluded that the lithium ion cell did not leak. Mr. Russell's medical records do indicate problems with his wrist, but the doctors attributed them to other causes. Mr. Russell could have gotten testimony from competing experts to support his acid-leakage claim. Or he could have moved to amend his complaint to allege injury from the overheating transistor. He did neither one. He maintains, as he has from the

start, that the phone battery leaked acid. *Document Nos. 2, at ¶ 11; 16, at 1 &
71, at 1.*

The Court's review of the record, in the light most favorable to Mr.

Russell, yields only one conclusion. Battery acid did not cause his injuries.

No reasonable fact-finder could conclude otherwise. *Schlif v. Eli Lilly & Co.*, 687

F.3d 947, 948-49 (8th Cir. 2012). Motion for summary judgment, *Document No.
63*, granted. Mr. Russell's claims against Motorola and Russell Cellular are

dismissed with prejudice.

So Ordered.

*D.P. Marshall J.*

D.P. Marshall Jr.
United States District Judge

23 January 2013

-5-